**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE DEMOCRATIC PARTY OF WISCONSIN,
and YEE LENG XIONG,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Defendants*.

Case No. 1:26-cv-3547-LLA

**MOTION TO JOIN MOTION FOR PRELIMINARY INJUNCTION IN RELATED CASE**

Plaintiffs Democratic Party of Wisconsin and Yee Leng Xiong move to join the Motion for Preliminary injunction filed by the Democratic National Committee in the related case *Democratic Nat'l Comm. v. Trump*, No. 1:26-cv-03506 (D.D.C. Oct. 7, 2026), ECF No. 31. The Court is considering consolidating these two cases. *See* Minute Order (Oct. 14, 2026). As Plaintiffs in this case have suffered similar harm to plaintiffs in the related case, and that harm will be remedied by the relief sought by plaintiffs in the related case, Plaintiffs respectfully request that the Court consolidate these cases and, if the cases are consolidated, move to join the motion for preliminary injunction.

Plaintiffs filed this action on October 9, 2026, as a related case to the *Democratic Nat'l Comm.* case under Local Civil Rule 40.5 because the cases involve common issues of fact and arise out of the same event or transaction. On October 14, 2026, the Court entered a minute order in both cases stating:

> MINUTE ORDER: The court is contemplating consolidation of the following cases under Federal Rule of Civil Procedure 42(a): *Democratic National Committee v. Trump*, 26-CV-3506, and *Democratic Party of Wisconsin v. Trump*, 26-CV-3547. Accordingly, it is hereby ORDERED that, on or before October 15, 2026 at 12:00 p.m., Plaintiffs in these cases shall file a joint status report — identical across each docket — providing their respective positions on consolidation, and Defendants in these cases shall file a response to Plaintiffs' submission on or before October 15, 2026 at 5:00 p.m.

Minute Order (Oct. 14, 2026).

On October 15, 2026, Plaintiffs filed a Joint Status Report providing Plaintiffs' position as supporting consolidation of these actions as appropriate under Federal Rule of Civil Procedure 42(a) because these cases involve common questions of law and fact, and consolidation would promote the efficient resolution of both matters. ECF No. 15. The DNC stated that "[t]he DNC recognizes that these cases involve common questions of law and fact and consents to consolidation under Rule 42(a)(2)." *Id.* On October 19, 2026, Defendants responded, stating "Defendants consent to consolidation." *Democratic Nat'l Comm.,* ECF No. 15. Courts have broad discretion to consolidate cases where, as here, the suits involve common questions of law or fact and no party objects to consolidation. *See Trilogy Fed., LLC v. CivitasDX, LLC*, No. 24-cv-2713, 2025 WL 1293347, at *2 (D.D.C. May 5, 2025) (collecting cases).

Plaintiffs in both cases have raised similar harms and claims. Plaintiffs in this case previously filed a notice in support of the Motion for Temporary Restraining Order the DNC filed in the related case, *see* ECF No. 7, and now similarly join in support of DNC's Motion for Preliminary Injunction, *Democratic Nat'l Comm.,* ECF No. 31.

Like the DNC, Plaintiffs have argued that the challenged ads are prohibited publicity and propaganda that violate limits Congress has consistently placed on appropriations, including in the Consolidated Appropriations Act of 2026, Pub. L. No. 119-75, div. E § 718, 140 Stat. 173, 495 (Feb. 3, 2026). Compl. ECF No. 1, ¶¶ 3-5, 61-62. Plaintiffs have also argued that these ads violate

the Purpose Act, which provides that federal funds "shall be applied only to the objects for which the appropriations were made except as otherwise provided by law," 31 U.S.C. § 1301(a), and the Antideficiency Act, which prohibits agencies from spending federal funds in excess of an amount that Congress has appropriated, 31 U.S.C. §§ 1341, 1517. Compl. ¶¶ 6, 58-59. Plaintiffs challenged the allocation of taxpayer funds for this purpose as violating the Administrative Procedure Act, Compl. ¶¶ 75-80 (Count Three), and as *ultra vires*, Compl. ¶¶ 81-85 (Count Four). These claims are likely to succeed on the merits for the reasons the Court concluded in the Memorandum Opinion and Order granting a Temporary Restraining Order, *Democratic Nat'l Comm.,*), ECF No. 26 at 16-26, and for the reasons the DNC sets out in its Motion, *see id*., ECF No. 31-1 at 14-29.

Defendants' illegal misappropriation and misuse of taxpayer funds for partisan, self-aggrandizing, political propaganda purposes inflicts real and irreparable harm on Plaintiffs. As a Democratic Party candidate and a party supporting candidates, Plaintiffs suffered harm from Defendants' actions undermining the fairness of the election. ECF No. 1, ¶¶ 14-15. 43-46. Airing partisan propaganda promoting the Republican Party put Plaintiffs at a competitive disadvantage, requiring them to expend more financial and other resources to counter Defendants' taxpayer-funded ads. *Id.* at ¶ 9. Those harms will continue absent injunctive relief, particularly for the Democratic Party of Wisconsin as it continues its work to support Democratic candidates in Wisconsin through its organizing, public education, and fundraising work. *Id.* at ¶ 14; *see Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just*., 826 F. Supp. 3d 73, 79 (D.D.C. 2026) (accepting complaint's "undisputed and unrebutted" allegations in granting motion for preliminary injunction). If Defendants continue to expend taxpayer funds to support a rival party and undermine support for the Democratic Party, it will make that work more difficult and require additional financial and other resources to counter the effects of Defendants' taxpayer-funded ads.

"An organization faces irreparable harm when it sues to challenge new obstacles that unquestionably make it more difficult for the organization to accomplish its primary mission," such as where "a voter education and mobilization organization" challenges barriers to accomplishing its mission. *Ctr. for Taxpayer Rts. v. Internal Revenue Serv.*, No. 26-5006, 2026 WL 2635380 (D.C. Cir. Sept. 8, 2026) (cleaned up).

Using the resources of the federal government to purchase advertisements promoting the Republican Party also violates the First Amendment because this sort of patronage "can result in the entrenchment of one or a few parties to the exclusion of others," creating an "impediment to the associational and speech freedoms which are essential to a meaningful system of democratic government." *Elrod v. Burns*, 427 U.S. 347, 369-70 (1976). First Amendment violations, "for even minimal periods of time, unquestionably constitute[ ] irreparable injury." *Id.* at 373; *see also Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 334 (D.C. Cir. 2018).

Plaintiffs respectfully request that the Court consolidate these cases and, if the cases are consolidated, permit Plaintiffs to join the pending motion for preliminary injunction.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Norman Larry Eisen*
Norman L. Eisen (D.C. Bar # 435051)
Stephen A. Jonas (D.C. Bar # 90037069)
Brian C. Ward (D.C. Bar # 90046907)
Harold Craig Becker (D.C. Bar # 371239)
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
norman@democracydefenders.org
steve@democracydefenders.org
brian@democracydefenders.org
craig@democracydefenders.org

John C. Quinn
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
jquinn@heckerfink.com

Dillon H. Grimm (D.C. Bar # 1719090)
HECKER FINK LLP
1050 K Street, NW
10th Floor
Washington, DC 20001
(212) 763-0883
dgrimm@heckerfink.com

*Counsel for Plaintiffs*